ORIGINAL

# In the United States Court of Federal Claims

No. 14-757L

(Filed: October 23, 2014)

**(NOT TO BE PUBLISHED)**

FILED

OCT 23 2014

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | )
|---|---|
| EMANUEL MICHAEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Emanuel Michael, *pro se*, Decatur, Georgia.

Kristofor R. Swanson, Trial Attorney, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief was Sam Hirsch, Acting Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

On behalf of himself and others, including an entity styled the United Nuwaupian Nation Government ("Nuwaupian Nation"), plaintiff Emanuel Michael filed a *pro se* complaint in this court on August 20, 2014 naming the Sheriff of Putnam County, Putnam County, the United States Federal Bureau of Investigation, and unknown police agents as defendants. *See* Compl. at 1.[1] On August 26, 2014, the court directed Mr. Michael "to show cause . . . why he should be permitted to represent the other plaintiffs he names in the complaint." Order to Show Cause, ECF No. 6. The court acknowledges Mr. Michael's response to its order, filed September 19, 2014. *See* Response to Judge's Order to Show Cause ("Pl.'s Show Cause Response"), ECF No.

---

[1] Other than himself, Mr. Michael named as plaintiffs the "United Nuwaupian Nation Government[;] Yamassee Tribe of Native American[s;] Muscogee, Seminole Creek, Shushuni, Washita Mound Builders[;] Through the several states[;] and Charter of the [U]nited States of America, Inc." Compl. at 1.

9. For the reasons stated, the court finds that Mr. Michael lacks authority to appear on behalf of the other parties named in the complaint.

Also pending before the court is Mr. Michael's motion for a preliminary injunction and application for a temporary restraining order, filed August 20, 2014. *See* Prelim. Statement of Actual Facts in Support of Pl.'s Motion for Prelim. Inj. & TRO ("Pl.'s Mot."), ECF No. 2. Mr. Michael's motion for injunctive relief is DENIED.

## BACKGROUND

In 1993, the Nuwaupian Nation moved to a large tract of land located at 404 Shady Dale Road in Eatonton, Putnam County, Georgia. Pl.'s Mot. at 8; Compl. at 22, Ex. L. at 8. Mr. Michael submits that during the years of 1998 to 2000, defendants wrongfully regulated and stopped construction activity on this property. *See* Compl. at 22-23; *see also* Pl.'s Mot. at 1-2, 11-13.[2] According to Mr. Michael, that interference bars the Nuwaupian Nation from having a "interest in their property," Pl.'s Mot. at 13, and amounts to "an irreparable violation of its sovereignty, and threatens the [Nuwaupian] Nation's right to self-government and economic development," *id.* at 18. Mr. Michael seeks injunctive relief to restrain defendants from "enforcing local zoning laws[,] and other laws, rules, and regulations against [t]he [Nuwaupian] Nation and [its] [p]roperty." *Id.* at 3; *see also* Compl. at 25-29.[3]

---

[2]During this time, 404 Shady Dale Road was owned and operated by Dwight D. York, President of the Nuwaupian Nation. Compl. at 6, ¶ 9. Mr. York was convicted in 2003 of (1) engaging in interstate transport of minors with the intent to commit unlawful sexual activity; (2) unlawfully structuring cash transactions; and (3) conspiring under the Racketeer Influenced and Corrupt Organizations Act. *See United States v. York*, 428 F.3d 1325 (11th Cir. 2005). The United States consequently commenced a civil forfeiture action against the property based on probable cause that Mr. York was using the land to commit violations of 18 U.S.C. § 2423(a) ("Transportation of minors with intent to engage in criminal sexual activity"). Forfeiture Compl. Count 2, ¶¶ 2, 7, *United States v. $3,107.90, et al.*, No. 5:03-cv—00236-HL (M.D. Ga. July 18, 2003). In 2007, that action culminated in a judgment that forfeited and vested "[a]ll right, title, and interest" in 404 Shady Dale Road to the United States. Final Order of Forfeiture at 5, *United States v. $3,107.90, et al.*, No. 5:03-cv—00236-HL (M.D. Ga. Sept. 24, 2007). The government avers that "upon information and belief, the United States subsequently sold the property." United States' Opp'n to Pl.'s Mot. for Prelim. Inj. & TRO ("Def.'s Opp'n") at 3, ECF No. 7.

[3]Mr. Michael advances the proposition that, by enforcing local zoning laws from 1998 to 2000, defendants committed irreparable harm. *See* Pl.'s Mot. at 15-17; *see also* Response to United States' Opp'n to Pl.'s Mot. for Prelim. Inj. & TRO ("Pl.'s Inj. Relief Response") at 2, ECF No. 8. Mr. Michael misconstrues the central tenet behind injunctions; the purpose "is not to remedy past harm but to protect plaintiffs from irreparable injury that *will surely result* without their issuance." *Schrier v. University of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (emphasis added) (citing *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)); *see also Apple, Inc. v. Samsung Electronics Co.*, 678 F.3d 1314, 1334 (Fed. Cir. 2012) ("The purpose of injunctive relief is to prevent future harm.") (quoting 13 James Wm. Moore, *et al.*, *Moore's Federal Practice* § 65.02 [2] (3d ed. 2011)). Indeed, to demonstrate irreparable harm that justifies injunctive relief, the party must show "immediate and irreparable injury." *Cohen Fin.*


## ANALYSIS

### A. *Order to Show Cause*

Pursuant to Rule 83.1(a)(3) of the Court of Federal Claims ("RCFC"), a *pro se* plaintiff may only represent "oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court." RCFC 83.1(a)(3). Courts have permitted *pro se* representation of an Indian tribe only where the federal government had previously acknowledged the tribe as a sovereign entity. *Compare Fraass Survival Sys., Inc. v. Absentee Shawnee Econ. Dev. Auth.*, 817 F. Supp. 7, 10 (S.D.N.Y. 1993) (permitting an agency of the Shawnee Tribal Government to represent the tribe *pro se* due to the "tribe's status [as] a distinctive combination of sovereignty and dependency"), *with Cherokee of Lawrence Cnty., Tenn. v. United States*, 2006 WL 5668261, at *2 (Fed. Cl. Sept. 1, 2006) (prohibiting *pro se* representation of the Cherokee of Lawrence because the group was "not acknowledged to be an Indian tribe by the federal government"); *see also Fast Horse v. United States*, 101 Fed. Cl. 544, 548 (2011).

Mr. Michael represents that he is the "Minister of Justice" and "Attorney General" of the Nuwaupian Nation, Pl.'s Show Cause Response at 2, with plenary power because its leader, Mr. York, is "incarcerated and is not in [a] position to fully exercise his Tribal or Presidential duties," *id.* at 3. Regardless of Mr. Michael's position or authority with and in the Nuwaupian Nation, *pro se* representation of the Nation is prohibited under RCFC 83.1(a)(3) because the group has not been federally acknowledged as a sovereign Indian tribe. *See* Indian Entities Recognized and Eligible to Receive Services from the United State Bureau of Indian Affairs, 79 Fed. Reg. 4,748, 4,749-52 (Jan. 29, 2014) (listing the entities that the federal government recognizes as Indian tribes); *see also* Def.'s Opp'n at 2 n.1.[4] Accordingly, Mr. Michael lacks authority to represent the Nuwaupian Nation or the other plaintiffs named in the complaint; he may, however, bring a claim on behalf of himself. *See* RCFC 83.1(a)(3).

---

*Servs., Inc. v. United States*, 110 Fed. Cl. 267, 288 (2013) (quoting *U.S. Ass'n of Importers of Textiles & Apparel v. United States*, 413 F.3d 1344, 1346 (Fed. Cir. 2005)). Defendant's actions in halting construction activity at 404 Shady Dale Road occurred over 14 years ago. Pl.'s Mot. at 1-2, 11-13. Moreover, neither Mr. Michael nor other members of the Nuwaupian Nation now hold title or interest in 404 Shady Dale Road. *See supra*, at 2 n.2.

[4] In 1999 the Nuwaupian Nation, then calling itself the Yamassee Native American Moors of the Creek Nation, *see* Pl.'s Mot. at 7, filed a "letter of intent to petition for acknowledgment by the Secretary of the Interior that the group exists as an Indian tribe." Receipt of Petitions for Federal Acknowledgment of Existence as an Indian Tribe, 64 Fed. Reg. 67,585, (Dec. 2, 1999). After filing its letter of intent, the Nuwaupian Nation was required to submit "a documented petition" demonstrating that the group met the requirements for acknowledgement. *See* Procedures for Establishing that an American Indian Group Exists as an Indian Tribe, 25 C.F.R. §§ 83.4-10 (promulgated Feb. 25, 1994). The records indicate that the Nuwaupian Nation did not submit such petition. *See* Compl. Ex. O, at 1 (Letter from R. Lee Fleming to Mr. Michael (Dec. 20, 2013)) (advising Mr. Michael that as of December 16, 2003, the Office of Federal Acknowledgement "had not received anything from the petitioner beyond the group's letter of intent"); *see also* Def.'s Opp'n. at 2 n.1.

B. *Injunctive Relief*

The standards for obtaining a temporary restraining order are indistinguishable from those that must be met before issuing a preliminary injunction. *See Bilfinger Berger AG Sede Secondaria Italiana v. United States*, 94 Fed. Cl. 389, 391 (2010). In both instances, the movant has the burden of showing: (1) likelihood of success on the merits; (2) irreparable harm if the relief is not granted; (3) that the hardship it will suffer without injunctive relief outweighs the harm to the government and to third parties; and (4) that the grant of injunctive relief is not contrary to public interests. *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1259 (Fed. Cir. 2012); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Mr. Michael cannot show a likelihood of success on the merits because the court's equitable authority does not encompass his claims. "The Court of Federal Claims lacks the ability to award general equitable relief." *Republic of New Morocco v. United States*, 98 Fed. Cl. 463, 469 (2011); *see also Legal Aid Soc. of N. Y. v. United States*, 92 Fed. Cl. 285, 301 (2010). Rather, the court exercises equitable authority under specific statutory grants, *see, e.g.*, 26 U.SC. § 6331(i)(4)(B); 28 U.S.C. § 1491(b)(2); 28 U.S.C. § 1507, and more generally under the limited circumstances set forth in 28 U.S.C. § 1491(a)(2) where such relief is "'tied and subordinate to a money judgment,'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)), *see also Flowers v. United States*, 321 F. App'x 928, 933 (Fed. Cir. 2008) (affirming the Court of Federal Claim's holding that the "absence of money damages in this case divests the court of its ability to grant equitable relief").

The court cannot afford Mr. Michael the relief he seeks because his claims are neither brought within a specific statutory authorization for equitable remedies nor tied to a money judgment. Mr. Michael relies on the Equal Protection Clause of the Fourteenth Amendment, Pl.'s Mot. at 17-18, which "do[es] not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Additionally, he desultorily references the Fifth Amendment takings clause, but fails to request any monetary compensation resulting from a regulatory or physical taking of the Nuwaupian Nation's property. *See* Pl.'s Inj. Relief Resp. at 2, 4; *see also* Pl.'s Mot. at 18 ("[T]he [Nuwaupian] [N]ation cannot be compensated monetarily for defendants' conduct."). Finally, Mr. Michael's attempt to obtain independent injunctive relief under the Declaratory Judgment Act, Pl.'s Mot. at 21, is ineffective because that statute is not applicable to this court. *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) ("The Court of Federal Claims has never been granted general authority to issue declaratory judgments."). Because the court is without authority to grant equitable relief regarding Mr. Michael's claims, he cannot demonstrate a likelihood of success on the merits.

## CONCLUSION

Mr. Michael is prohibited from proceeding *pro se* on behalf of the parties named as plaintiffs in the complaint other than himself. Accordingly, the other named plaintiffs are dismissed from this action. The court DENIES Mr. Michael's motion for a preliminary injunction and application for a temporary restraining order.

It is so ORDERED.

_____
Charles F. Lettow
Judge