ORIGINAL

# In the United States Court of Federal Claims

No. 14-757L

(Filed: December 15, 2014)
**(NOT TO BE PUBLISHED)**

**FILED**
DEC 1 5 2014
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **EMANUEL MICHAEL,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **UNITED STATES,** | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Emanuel Michael, *pro se*, Decatur, Georgia.

Kristofor R. Swanson, Trial Attorney, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief was Sam Hirsch, Acting Assistant Attorney General, Environment & Natural Resources Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

The complaint filed by plaintiff Emanuel Michael, submitted on behalf of himself and others including an entity called the United Nuwaupian Nation Government ("Nuwaupian Nation"), alleges that various government actors wrongfully regulated and stopped construction on property in which the Nuwaupian Nation maintains a legitimate ownership interest. Compl. at 22-26.[1] Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure state a cognizable claim against the United States within the applicable statute of limitations period. *See* United States' Mot. to Dismiss for Lack of Jurisdiction and Mem. in Support Thereof ("Def.'s Mot.") at 1, ECF No. 10.

---

[1] In addition to himself, Mr. Michael identified as plaintiffs the "United Nuwaupian Nation Government[;] Yamassee Tribe of Native American[s;] Muscogee, Seminole Creek, Shushuni, Washita Mound Builders[;] Through the several states[;] and Charter of the [U]nited States of America, Inc." Compl. at 1.

## BACKGROUND

In January 1993, the Nuwaupian Nation settled on a large tract of land located at 404 Shady Dale Road in Eatonton, Putnam County, Georgia. Compl. at 22 & Ex. L at 8.[2] From the years 1998 to 2000, Mr. Michael alleges that defendants, including the Sheriff of Putnam County, the State of Georgia, the United States Federal Bureau of Investigation, and unknown police agents, improperly enforced local land use and zoning laws and issued "Stop Work" orders on the property. *See* Compl. at 22-23; *see also* Pl.'s Mem. in Opp'n. to Def's. Mot. to Dismiss for Lack of Jurisdiction and Mem. in Support Thereof ("Pl.'s Opp'n") at 5, ECF No. 13. Later, in 2003, the United States brought a civil action for forfeiture in rem against the property, *United States v. $3,107.90, et al.*, No. 5:03-cv-0236-HL (M.D. Ga. July 18, 2003), culminating in a judgment of forfeiture on September 24, 2007 vesting "[a]ll right, title and interest" in 404 Shady Dale Road in the United States, Final Order of Forfeiture at 5, *United States v. $3,107.90, et al.*, No. 5:03-cv-236-HL (M.D. Ga. Sept. 24, 2007).[3] Mr. Michael alleges that the "FBI's role in the removal of the [p]laintiffs from their territory" and the seizure of "tribal governmental documents" has "handicapped the [p]laintiffs in the advancement of their culture, proof of ownership to title and rights of interest to the land . . . [and] any attempts of moving forward for [f]ederal [a]cknowledgment." Pl.'s Opp'n at 5. He claims that he never received notice of the forfeiture of the Nuwaupian Nation's property to the United States, *id.* at 5, and seeks declaratory and injunctive relief freeing the property of local zoning and land use laws and prohibiting interference with the Nuwaupian Nation's "ownership, interest, and possession" of the property by the government, Compl. at 25-29.

Mr. Michael filed his complaint, along with a motion for a preliminary injunction and application for a temporary restraining order, on August 20, 2014. On August 26, 2014, the court directed Mr. Michael "to show cause . . . why he should be permitted to represent the other plaintiffs he names in the complaint." Order to Show Cause, ECF No. 6. After Mr. Michael responded, the court issued an opinion ruling that Mr. Michael lacked authority to appear on behalf of the other parties named in the complaint and denying his motion for a preliminary injunction and application for a temporary restraining order. *Michael v. United States*, 2014 WL 5395877, at *1 (Fed. Cl. Oct. 23, 2014). The motion to dismiss presently before the court is fully briefed and ready for disposition.

---

[2]The Nuwaupian Nation is not a federally-recognized tribe and is not included on the list published by the Secretary of the Interior under the Federally Recognized Indian Tribe List Act of 1994, Pub. L. No. 103-454, 108 Stat. 4791 (codified at 25 U.S.C. §§ 479a, 479a-1). *See* Indian Entities Recognized and Eligible to Reserve Services from the United States Bureau of Indian Affairs, 79 Fed. Reg. 4,748, 4,749-53 (Jan. 29, 2014).

[3]Prior to 2007, 404 Shady Dale Road was owned and operated by the President of the Nuwaupian Nation, Dwight D. York (named in the complaint as "Malachi Z. York"). Compl. at 6, ¶ 9. The civil forfeiture action brought by the United States was based on probable cause that Mr. York used the land to commit violations of 18 U.S.C. § 2423(a) ("Transportation of minors with intent to engage in criminal sexual activity"). Forfeiture Compl. Count 2, ¶¶ 2, 7, *United States v. $3,107.90, et al.*, No. 5:03-cv-236-HL (M.D. Ga. July 18, 2003); *see also United States v. York*, 428 F.3d 1325 (11th Cir. 2005).

## STANDARDS FOR DECISION

### A. Subject Matter Jurisdiction

Before proceeding to the merits, a "court must satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). Whether a court has subject matter jurisdiction is a question of law. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 554 (Fed. Cir. 1990). When assessing a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The plaintiff bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748.

Pleadings filed by *pro se* plaintiffs are generally held to "'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004), *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Therefore, Mr. Michael "bears the burden of establishing the [c]ourt's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

As part of its inquiry into subject matter jurisdiction, a court must determine whether a plaintiff has standing to sue. *See Rex Service Corp. v. United States*, 448 F.3d 1305, 1307 (Fed. Cir. 2006); *Myers Investigative And Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002) ("[S]tanding is a threshold jurisdictional issue."). The requirements for standing applied by this court are the same as those enforced by Article III federal courts. *See Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009) (citing *Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003)). A party attempting to invoke federal court jurisdiction has the burden of establishing standing by demonstrating: (1) a concrete, particularized "injury in fact" that is actual or imminent; (2) a causal connection between the injury and the challenged action of the defendant, rather than that of an independent third party; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

### B. Statute of Limitations

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim first accrues "when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action." *Ingrum v. United States*, 560 F.3d 1311, 1314 (Fed. Cir. 2009). The limitations period

established by Section 2501 is jurisdictional in nature and may not be waived. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008).

## ANALYSIS

### *I. Subject Matter Jurisdiction*

This court lacks jurisdiction to adjudicate Mr. Michael's claims for a variety of reasons. First, as a preliminary matter, Mr. Michael may not bring claims against the Sheriff of Putnam County, the State of Georgia, or police agents in this court. This court lacks jurisdiction to hear claims against individuals or state governments. The "*only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

In addition, Mr. Michael premises this court's jurisdiction on constitutional provisions that are not money-mandating. Specifically, Mr. Michael alleges violations of the Fourth Amendment's prohibition of unreasonable searches and seizures, the Eighth Amendment's prohibition of excessive fines, and the Equal Protection Clause of the Fourteenth Amendment. *See* Pl.'s Opp'n at 7-8, 12. "Although this court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money." *Miller v. United States*, 67 Fed. Cl. 195, 199 (2005) (citing 28 U.S.C. § 1491(a)(1)). Mr. Michael's asserted violations of the Fourth Amendment, the Eighth Amendment, and the Equal Protection Clause of the Fourteenth Amendment are unavailing because those constitutional provisions are not by themselves money-mandating. *See, e.g.*, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (noting that the Fourteenth Amendment does not mandate the payment of money); *Martinez v. United States*, 391 Fed. Appx. 876, 878 (Fed. Cir. 2010) (explaining that the Fourth Amendment "is not money-mandating and therefore does not provide the Court of Federal Claims jurisdiction to entertain [plaintiff's] claims") (citations omitted); *Hairston v. United States*, 99 Fed. Cl. 695, 698 (2011) (noting that the Eighth Amendment is not money-mandating) (citing *Cosma-Nelms v. United States*, 72 Fed. Cl. 170, 172 (2006)). Additionally, although Mr. Michael obliquely references the Fifth Amendment Takings Clause, *see* Pl.'s Opp'n. at 16, 22, he fails to request any monetary compensation resulting from a regulatory or physical taking of the Nuwaupian Nation's property, *see* Pl.'s Resp. to the United States' Opp'n to Pl.'s Mot. for Prelim. Inj. and TRO at 2, 4, ECF No. 8; *see also* Pl.'s Prelim. Statement of Actual Facts in Support of Pl.'s Mot. for Prelim. Inj. & TRO at 18, ECF No. 2 ("[T]he [Nuwaupian] [N]ation cannot be compensated monetarily for defendants' conduct."). While he broadly states that "[indigenous peoples] have the right to just and fair compensation" for territories and resources that have been "confiscated, occupied, used[,] or damaged," he fails to establish any evidence of personal loss entitling him to compensation. Pl.'s Opp'n. at 22.

This court also lacks the authority to grant Mr. Michael the equitable relief that he requests. "The Court of Federal Claims lacks the ability to award general equitable relief." *Republic of New Morocco v. United States*, 98 Fed. Cl. 463, 469 (2011); *see also Legal Aid Soc. of N.Y. v. United States*, 92 Fed. Cl. 285, 301 (2010). The court exercises equitable authority

only under specific statutory grants, typically, but not always, where such relief is "'tied and subordinate to a money judgment.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). Apart from when it is conjoined with monetary awards, equitable relief may be granted by the court under certain tax statutes, *e.g.*, 26 U.S.C. § 6331(i)(4)(B), *see Beard v. United States*, 99 Fed. Cl. 147, 157-58 (2011), under the Contract Disputes Act, 41 U.S.C. § 7104(b)(1), and 28 U.S.C. § 1491(a)(2), *see Alliant Techsys., Inc. v. United States*, 178 F.3d 1260, 1268-70 (Fed. Cir. 1999), and as part of its jurisdiction over bid protests under 28 U.S.C. § 1491(b)(2), *see PGBA, LLC. v. United States*, 389 F.3d 1219, 1224-27 (Fed. Cir. 2004). Similarly, this court lacks general authority to grant declaratory relief. *Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) ("The Court of Federal Claims has never been granted general authority to issue declaratory judgments.").

Finally, Mr. Michael lacks standing to bring his claims because he does not allege that he has personally suffered any injury. He does not claim to have ever held a property interest in 404 Shady Dale Road, nor does he claim that he was personally damaged in any way by the stop work orders or regulatory actions by local officials. Furthermore, as the court previously found, Mr. Michael lacks authority to appear on behalf of the Nuwaupian Nation to represent its interests. *See Michael*, 2014 WL 5395877, at *1.

In sum, the court lacks subject matter jurisdiction over Mr. Michael's claims.

### *II. Statute of Limitations*

In addition, any potential claim that Mr. Michael may have against the United States is time-barred because of the applicable six-year statute of limitations. Def.'s Mot. at 13-14. The alleged regulatory acts forming the subject of this action occurred in 1998 and 1999, more than fourteen years before the filing of the complaint in 2014. *See* Pl's. Opp'n at 1-2; Compl. at 22-23. In addition, the final judgment in the relevant forfeiture proceeding was issued on September 25, 2007, almost seven years before Mr. Michael filed his complaint. *See* Judgment, *United States v. $3,107.90, et al.*, No. 5:03-cv-236-HL (M.D. Ga. Sept. 25, 2007). Therefore, Mr. Michael's claims are time-barred.

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Michael's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction, and alternatively, pursuant to 28 U.S.C. § 2501 for failure timely to file suit. The clerk shall enter judgment in accord with this disposition.

No costs.

It is so ORDERED.

Charles F. Lettow
Judge